IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:10-CV-1559 |
| DTS TRUCK DIVISION COMPANY, DISTRIBUTION TRANSPORTATION SERVICES COMPANY, CENTERLINE LEASING COMPANY and THOMAS J. KOMADINA, SR., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**RECEIVER'S CONSENT MOTION TO AUTHORIZE THE
PRIVATE SALE OF RECEIVERSHIP ASSETS AND
TO APPROVE COMPENSATION TO THE RECEIVER**

Atec, Inc. in its capacity as Receiver (the "Receiver") for Defendants DTS Truck Division Company ("DTS"), Distribution Transportation Services Company ("DTSC") and Centerline Leasing Company ("Centerline") files its Consent Motion to Authorize the Private Sale of Receivership Assets and to Approve Compensation to the Receiver (the "Motion"). The Receiver brings this Motion pursuant to U.S.C. § 2004 and, in support of the Motion, states as follows:

1. This case was commenced on August 20, 2010 by General Electric Capital Corporation (the "Plaintiff") seeking money judgments against the Defendants. The Plaintiff also filed its motion for appointment of a Receiver for the assets of DTS, DTSC and Centerline (collectively the "Corporate Defendants") based upon the grounds that the assets of the Corporate Defendants are collateral for the payment of the Corporate Defendants' obligations to

the Plaintiff and that the appointment of a receiver was necessary to preserve the value of the collateral.

2. On August 30, 2010, this Court entered its Consent Order Appointing Receiver (the "Receivership Order"). Upon the posting of the Receiver's bond on September 2, 2010, the Receiver and this Court were vested with jurisdiction over all of the Defendants' property in accordance with 28 U.S.C. § 754.

3. Pursuant to 28 U.S.C. § 754 and the Receivership Order, the Receiver subsequently filed a notice of this action and the Order Appointing Receiver with the United States District Courts for the Middle District of Florida and the Central District of Ohio, obtaining jurisdiction over the Receivership assets located in those districts.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

5. The Receiver brings this Motion pursuant to the provisions of 28 U.S.C. § 2001 et seq.

6. The Corporate Defendants are affiliate companies engaged in the trucking industry.

7. Prior to the appointment of the Receiver, DTS was a carrier engaged in interstate trucking. The assets of DTS consist of the tractors and trailers shown on the Inventory filed with Court by the Receiver and accounts receivable arising from DTS' trucking operation. DTS also leases tractors and trailers from Centerline.

8. Prior to the appointment of the Receiver, DTSC conducted a transportation property brokerage operation. Its principal assets consist of accounts receivable.

9. Centerline owns tractors and trailers that it leased or leases to one or more carriers, including DTS.

10. The Receivership Order authorizes and directs the Receiver to take possession of the Corporate Defendants' assets in order to preserve and maximize the value of the assets. Among the powers granted to the Receiver under the Receivership Order is the authority to sell all or any part of the assets subject to the Receivership.

11. One of the initial and ongoing tasks of the Receiver has been to identify the location of all of the tractors and trailers belonging to DTS and Centerline and concentrate them in secured locations. The Receiver has invested substantial time in that process.

12. The Receivership has incurred and will continue to accrue expenses in connection with locating and protecting the tractors and trailers and in the collection of DTSC's accounts receivable. The Receiver has no funds on hand to meet those expenses.

13. In addition to the security interests of Plaintiff, the tractors and trailers owned by DTS and Centerline are subject to security interests in favor of a number of other secured lenders.[1] Some of those security interests are perfected as required under Article 9 of the Uniform Commercial Code (which governs secured transactions in personal property), and some are unperfected.[2]

14. The Receiver is in the process of releasing to Plaintiff those tractors and trailers in which Plaintiff holds a properly perfected first priority security interest. Certain of the other secured lenders have demanded the surrender of the tractors and trailers subject to their first priority perfected secured liens. Upon receiving confirmation of the perfection and priority of a secured creditor's security interests, as well as confirming that the Corporate Defendants have no equity in that collateral, the Receiver has released or will release those secured creditors' collateral.

---

[1] The other secured lenders claiming an interest in the tractors and trailers are not parties to this action.
[2] The Receiver also reserves the right to challenge whether the security interest of Plaintiff has attached to all of the tractors and trailers owned by Centerline.

15. The Receiver has not released tractors and trailers as to which the secured creditors have failed to properly perfect their asserted security interests.[3]

16. <u>Exhibit A</u> to this Motion identifies tractors and trailers (the " Subject Tractors and Trailers") that all parties to this action have agreed that should be sold as promptly as possible in order to maximize the value of those tractors and trailers and to minimize the expenses incurred by the Receivership estate. Those expenses include insurance, storage charges, costs for providing security and other incidental costs.

17. In addition, the prompt sale of the Subject Tractors and Trailers can provide the funds necessary for the operation of the Receivership.

18. 28 U.S.C. §§ 2001 and 2004 provide that assets of a receivership may be sold through a public auction. In this instance, a public auction of the Subject Tractors and Trailers is not in the best interest of the Receivership Estate. Among other considerations, the Subject Tractors and Trailers are located at a number of different locations throughout Missouri, Ohio and Florida, as well as at lots owned or controlled by DTS's customers. The cost of transporting the Subject Tractors and Trailers to a central location for public auction is prohibitive. In addition, the time delay inherent in organizing an auction will add additional expense.

19. Instead, the private sale of the Subject Tractors and Trailers by the Receiver is an appropriate method of liquidating the Subject Tractors and Trailers.

20. The Receiver is a liquidation firm that has extensive experience in the sale or disposition of collateral for secured lenders, including tractors and trailers similar to the Subject Tractors and Trailers.

---

[3] In addition, the Receiver is in possession and control of certain tractors and trailers that the secured parties have agreed that the Receiver will liquidate.

4

21. The Receiver is frequently retained by borrowers and lender to appraise collateral, including tractors and trailers similar to the Subject Tractors and Trailers.

22. The Receiver has extensive knowledge with respect to the current fair market value of tractors and trailers, as well as contacts throughout the trucking industry that will enable the Receiver to sell the Subject Tractors and Trailers efficiently and for the best value obtainable under the circumstances.

23. For all the forgoing reasons, the Receiver is amply qualified to dispose of the Subject Tractors and Trailers by private sale.

24. 28 U.S.C. § 2004, which governs the sale of personal property by a Receiver, provides as follows:

> Any personality sold under any order or decree of any court of the United States shall be sold in accordance with Section 2001 of this Title, *unless the court orders otherwise*. (Emphasis added).

25. In general, the applicable provisions of 28 U.S.C. § 2001 require that property to be sold at private sale be first appraised by three independent appraisers.

26. Because of the inherent delay and costs of obtaining three appraisals, the immediate need for funds for the operation of the Receivership and the Receiver's ability to maximize the value of the Subject Tractors and Trailers, proceeding with a private sale pursuant to the requirements of 28 U.S.C. § 2001 is not in the best interests of the Receivership Estate.

27. 28 U.S.C. § 2004 expressly provides the Court with the authority to set other terms for the disposition of personal property by private sale.

28. The best interests of the Receivership Estate will be served by the entry of an order authorizing the Receiver to immediately sell all or some of the Subject Tractors and

Trailers free and clear of the security interests of creditors, in bulk or in individual sales, at such prices that the Receiver determines to be in the best interests of the Receivership Estate.[4]

29. The security interest of all of the secured creditors claiming security interests on the Subject Tractors and Trailers should attach to the proceeds of the Subject Tractors and Trailers with the same validity, priority and perfection as held on the Subject Tractors and Trailers. The Receiver will hold the proceeds pending a resolution of the competing claims with respect to the proceeds.

30. In consideration of the services provided by the Receiver in connection with the sale of the Subject Tractors and Trailers, the Receiver should be paid its standard 10% commission on the gross sale price of the Subject Tractors and Trailers. This is less than the average of the commissions charged by other liquidators, and represents fair compensation for the services that will be performed by the Receiver in locating buyers for the Subject Tractors and Trailers.

31. Each of the parties to this action has reviewed this Motion and has expressly authorized the Receiver to advise the Court that they consent to the entry of an order granting the Motion on the terms and conditions set forth in the Motion.

32. All parties to this action have signed this Motion to further evidence their consent to the relief requested. In addition, all parties to this action waive the seven-day response period provided under Local Rule 6-401(B).

WHEREFORE, the Receiver requests that the Court enter an order:

(a) authorizing the Receiver to sell all or some of the Subject Tractors and Trailers free and clear of the security interests in those Subject Tractors and Trailers, in bulk or in

---

[4] The Court has already entered an order authorizing the sale of a limited number of tractors and trailers on the same conditions as provided in this Motion. See Docket Number 35.

6

individual sales, at such prices that the Receiver determines to be in the best interests of the Receivership Estate without prejudice to the rights of any party claiming an interest in the Subject Tractors and Trailers;

(b) directing the Receiver to hold the sales proceeds of the the Subject Tractors and Trailers subject to the security interests or claims of any secured creditors of the Corporate Defendants (including, without limitation, Federal Financial Credit, Inc.), which security interests shall have the same validity, priority and perfection as held on the Subject Tractors and Trailers immediately prior to any sale;

(c) approving the payment to the Receiver of a 10% commission in the gross sale price of the Subject Tractors and Trailers, along with reimbursement of the Receiver's out-of-pocket expenses in connection with those sales; and

(d) granting such additional relief as the Court deems appropriate..

      Respectfully submitted,

      GALLOP, JOHNSON & NEUMAN, L.C.

      By:  /s/Peter D. Kerth
          Peter D. Kerth, #31682
          101 South Hanley, 17th Floor
          St. Louis, Missouri 63105
          (314) 615-6000
          (314) 615-6001 (Facsimile)
          pdkerth@gjn.com

*Attorneys for Atec, Inc., Receiver*

7

C:\Documents and Settings\pdkerth\Local Settings\Temporary Internet Files\OLK55A\SL01-4766952-v2-Consent motion to sell tractors and trailers.DOC

Agreed and consented to:

DTS Truck Division Company,
Distribution Transportation Services Company
and Centerline Leasing Company

By: /s/Robert S. Flavin
    Robert S. Flavin, Esq.
    5770 Mexico Road
    Suite A
    St. Peters, Missouri 63376

*Attorney for Defendants DTS Truck Division Company, Distribution Transportation Services Company and Centerline Leasing Company*


Thomas J. Komadina, Sr.

By: /s/Robert J. Blackwell
    Robert J. Blackwell, Esq.
    Blackwell and Associates, P.C.
    2678 Babble Creek
    P.O. Box 310
    O'Fallon, Missouri 63366-0310

*Attorneys for Thomas J. Komadina, Sr.*


General Electric Capital Corporation

By: /s/Marshall C. Turner
    Marshall C. Turner, Esq.
    Husch Blackwell, LLP
    190 Carondelet Plaza, Suite 600
    St. Louis, Missouri 63105

*Attorneys for General Electric Capital Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served electronically on December  9  , 2010 on the parties on the Court's ECF notice list:

Gary L. Vincent, Esq.
Marshall C. Turner, Esq.
Husch Blackwell, LLP
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105

Robert S. Flavin, Esq.
5770 Mexico Road
St. Peters, Missouri 63376

Robert J. Blackwell, Esq.
Blackwell and Associates, P.C.
2678 Babble Creek
P.O. Box 310
O'Fallon, Missouri 63366-0310

/s/Peter D. Kerth

C:\Documents and Settings\pdkerth\Local Settings\Temporary Internet Files\OLK55A\SL01-4766952-v2-Consent motion to sell tractors and trailers.DOC